# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| v. | 1:06-cr-00351-WSD-1 |
| **EDUARDO CASTRO TORRES,** | |
| **Defendant.** | |

## OPINION AND ORDER

This matter is before the Court on Defendant Eduardo Castro Torres' ("Defendant") *pro se* Motion for Reconsideration of the Court's Orders Denying Defendant's Motion for Sentence Reduction Pursuant to Amendment 782 of the United States Sentencing Guidelines [675] ("Motion" or "Motion for Reconsideration").

## I. BACKGROUND

On April 2, 2009, Defendant was sentenced to three hundred sixty (360) months imprisonment with ten (10) years of supervised release after pleading guilty to one count of Conspiracy to Possess with Intent to Distribute at least Five Kilograms of Cocaine and 500 Grams of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), 841(b)(1)(A)(ii), 841(b)(1)(A)(viii), and 18 U.S.C. § 2, and one count of Conspiracy to Commit Money Laundering, in violation of 18

U.S.C. § 1956(h), 1956(a)(1)(A)(1), 1956(B)(I) & (ii), 1956(a)(2)(A), and 1956(a)(2)(B)(I) & (ii). ([477]; [478]).

On August 17, 2015, Defendant filed his First Motion for Reduction of Sentence Pursuant to Amendment 782 [636]. On July 11, 2016, Defendant filed his Second Motion for Reduction of Sentence Pursuant to Amendment 782 [655]. On August 16, 2016, the Court denied [661] Defendant's First and Second Motions for Reduction of Sentence. The Court concluded that

> Defendant was sentenced applying a base offense level of thirty-eight (38). Amendment 782, and the two (2) base offense reduction it requires, does not reduce Defendant's base offense level. . . . Accordingly, Defendant is not entitled to a sentence reduction pursuant to Amendment 782 and is not entitled to be resentenced.

([661.1]). On August 29, 2016, Defendant filed a Notice of Appeal [662] of the Court's denial of his First and Second Motions for Reduction of Sentence, which the Court of Appeals dismissed [670] on October 11, 2016.

On October 18, 2016, Defendant filed his Third Motion to Reduce Sentence [672], which the Court denied on October 28, 2016 [673].

On April 13, 2017, Defendant filed his Motion for Reconsideration. Defendant requests that the Court "review the denial of his motion for a Reduction of Sentence" for any illegal, unfair, or unconstitutional acts. The Court treats Defendant's Motion as a motion for reconsideration of the Court's two orders

denying his request for a sentence reduction under Amendment 782.

## II. DISCUSSION

Motions for reconsideration "should be reserved for extraordinary circumstances" and are not to "be filed as a matter of routine practice." LR 7.2(E), NDGa; Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). If a motion for reconsideration is "absolutely necessary," it must be "filed with the clerk of court within twenty-eight (28) days after entry of the order or judgment." LR 7.2(E), NDGa. Defendant's Motion for Reconsideration was filed on April 13, 2017,[1] five months after entry of the Court's order denying Defendant's Third Motion to Reduce Sentence. Defendant does not explain this delay. Defendant's Motion for Reconsideration is denied because it was not timely filed.

Defendant's Motion also fails because Defendant does not provide any new basis on which he is entitled to relief pursuant to Amendment 782. The Court

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotation marks omitted) (quoting United States v. Glover 686 F.3d 1203, 1205 (11th Cir. 2012)), cert. denied, 135 S. Ct. 241 (2014). Absent evidence to the contrary, the Court assumes the motion was delivered to prison authorities on the day the prisoner signed it. Washington v. United States, 243 F.3d 1301, 1301 (11th Cir. 2001).

already considered and denied Defendant's request for sentence reduction pursuant to Amendment 782 of the United States Sentencing Guidelines. Defendant's renewed request for sentence reduction is denied for the same reasons explained in the Court's prior orders.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Eduardo Castro Torres' *pro se* Motion for Reconsideration of the Court's Orders Denying Defendant's Motion for Sentence Reduction Pursuant to Amendment 782 of the United States Sentencing Guidelines [675] is **DENIED**.

**SO ORDERED** this 20th day of April, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE